# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Dominguez-Rojas,<br><br>Movant/Defendant<br><br>v.<br><br>United States of America,<br><br>Respondent/Plaintiff. | No. CV-16-02179-PHX-SRB(BSB)<br>CR-06-00381-PHX-SRB<br>**ORDER** |

Movant/Defendant, Jose Dominguez-Rojas, pled guilty to Possession of a Firearm in Connection with a Crime of Violence and was sentenced to 84 months in prison on June 18, 2009. He filed a *pro se* Motion to Vacate on June 30, 2016 based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Counsel was appointed, an Amended Motion was filed on September 12, 2016 and the now pending Second Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 USC § 2255 was filed on January 5, 2017. The case was then stayed pending the Supreme Court's decision in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). After the Supreme Court issued its decision in *Dimaya*, the Government filed its Response arguing that Movant's Motion is untimely because it was not filed within one year of his conviction as required by 28 U.S.C. § 2255(f).

The Magistrate Judge issued her Report and Recommendation on December 19, 2018 concluding that the Ninth Circuit's opinion in *United States v. Blackstone*, 903 F.3d 1120 (9th Cir. 2018) controls and compels the conclusion that Movant's Motion is untimely

because it was filed more than one year after Movant's conviction became final. The Magistrate Judge recommended that Movant's Motion be denied as untimely and that a Certificate of Appealability also be denied. Movant filed timely written objections on December 19, 2018. The Government responded on January 9, 2019.

Movant's argument that his Motion is timely depends on whether the one year statute of limitations from the date his conviction became final in 28 U.S.C. § 2255(f)(1) applies or whether Movant had one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" as provided in 28 U.S.C. § 2255(f)(3). If § 2255(f)(1) applies the Magistrate Judge correctly concluded that *Blackstone* foreclosed Movant's timeliness argument. In *Blackstone*, the defendant argued, as Movant does here, that the residual clause in 28 U.S.C. § 924(c) was void for vagueness in light of *Johnson*. *Blackstone* held that *Johnson* did not recognize that the § 924(c) residual clause was void for vagueness and, therefore, did not announce a new right made retroactive to cases on collateral review. *Blackstone's* motion was therefore untimely because it was not filed within a year of the date his conviction became final. Following the holding in *Blackstone*, the Magistrate Judge found that § 2255(f)(3) did not apply "because the Supreme Court has not recognized the right [Movant] seeks to assert – that § 924(c)'s 'residual clause' is unconstitutionally vague." (Doc. 21, R. & R. at 7.)

In his Objections, Movant recognizes that this Court is bound by *Blackstone* but nevertheless requests that the Court reject the Magistrate Judge's recommendation to deny his motion as untimely. The Government's Response argues that, because the Court is bound by *Blackstone*, Movant's motion must be denied. Movant also requests that, because a Petition for Rehearing is pending in *Blackstone* and the Court of Appeals has required the Government to file a response, a Certificate of Appealability should be granted. The Government's Response states that it takes no position on the certification of an appeal.

This Court is bound by the holding in *Blackstone*. That holding compels the

conclusion that Movant's motion is untimely.

IT IS ORDERED overruling Movant's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 21)

IT IS FURTHER ORDERED denying Movant's Second Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 as untimely. (Doc. 7)

IT IS FURTHER ORDERED granting a Certificate of Appealability because the opinion in *Blackstone* is not yet final. Had the Mandate issued in *Blackstone* a Certificate of Appealability would have been denied.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 22nd day of January, 2019.

_____
Susan R. Bolton
United States District Judge